IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2075-FL

| | | |
|---|---|---|
| ALEXANDER KOPEYKIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a federal inmate, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court for an initial review pursuant to 28 U.S.C. § 2243. The matter also is before the court on petitioner's objection to the change of venue (DE # 5). These matters are ripe for adjudication.

**BACKGROUND**

Petitioner pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. Pet. Ex. A. On October 30, 2008, petitioner was sentenced in the United States District Court for the District of Florida to a term of one hundred (100) months imprisonment. Id. p. 2. Petitioner's judgment further provided that he was "committed to the custody of the United States Bureau of Prisons," and recommended that he "be designated to a facility in Fairton, New Jersey, if not, the closest facility that is in proximity to Philadelphia, Pennsylvania." Id. Subsequent to his sentencing, petitioner was sent to Rivers

Correctional Institution[1] ("Rivers") to serve his federal sentence.

On December 19, 2011, petitioner filed a motion for an order to show cause for criminal contempt in his criminal action. Petitioner's motion requests that the sentencing court find the United States Attorney General or the Federal Bureau of Prisons ("BOP") to be in contempt of court for willful disregard of the sentencing court's judgment. Petitioner argues that by placing him in a privately run correctional facility rather than a prison operated by BOP, he is stripped of his right to enforce his federal constitutional and statutory rights. As relief, petitioner requests that the court hold BOP in contempt and order it to transfer petitioner to a BOP-operated facility.

On March 19, 2012, the Southern District of Florida determined that petitioner's challenge to his placement in a private correctional facility was a challenge to the execution of his sentence citing United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991). Accordingly, the Southern District of Florida construed petitioner's motion as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Southern District of Florida then determined that transfer of venue was appropriate on the grounds that a § 2241 petition must be filed in the district where the inmate is confined. Because Rivers is located in North Carolina, the Southern District of Florida transferred petitioner's action to this court. Petitioner subsequently filed an objection to the change of venue.

A.   Objection to Change of Venue

The court begins with petitioner's objection to the change of venue from the United States District Court for the Southern District of Florida to this court. In support of his objection, petitioner argues that the Southern District of Florida misconstrued his action as a petition pursuant to 28 U.S.C. § 2241. Petitioner's petition challenges the place of his confinement, and not the fact of his

---

[1] Rivers is a privately run correctional facility operated by the GEO Group, Inc. pursuant to a contract with the Federal Bureau of Prisons. See Holly v. Scott, 434 F.3d 287, 288 (4th Cir. 2006)

conviction. Because petitioner is attacking the manner in which his sentence is being executed, his action must be brought pursuant to § 2241. See Shaw v. United States, 417 F. App'x 311, 312 (4th Cir. 2011) ("A federal prisoner seeking to challenge the legality of his conviction or sentence must proceed pursuant to § 2255, with § 2241 petitions generally reserved for challenges to the execution of the sentence.") Finally, the Florida district court had the authority to review petitioner's *pro se* pleading and construe it as a § 2241 petition. United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (finding that a court has the responsibility to classify a pleading according to its contents, not its caption). Based upon the foregoing, the court finds that the Southern District of Florida correctly construed petitioner's action as a petition pursuant to § 2241, and transferred it to this court. Thus, petitioner's objection to the change of venue is OVERRULED.

B.    Initial Review

The court now turns to the initial review of petitioner's petition. Title 28 U.S.C. § 2243 provides that the court need not seek a response from the respondent when it is clear on the face of the petition that petitioner is not entitled to relief. 28 U.S.C. § 2243.

In this case, petitioner claims that BOP's designation of him to serve his sentence at Rivers violated the Southern District of Florida's judgment and commitment, which ordered petitioner committed to the custody of BOP and recommended placement at a facility in Fairton, New Jersey or the Philadelphia area. The BOP has the authority to designate the location of an inmate's place of imprisonment, "whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted." 18 U.S.C.§ 3621(b); see also, Meachum v. Fano, 427 U.S. 215, 223-224 (1976) (finding that inmates do not have the constitutional right to be incarcerated in any particular prison). A sentencing court's recommendation as to a

3

particular facility does not interfere with the BOP's authority to designate an inmate's place of incarceration.  See Ange v. Paderick, 521 F.2d 1066, 1068 (4th Cir. 1975); United States v. Melendez, 279 F.3d 16, 18 (1st Cir. 2002) ("A sentencing court's non-binding recommendation to the BOP is not a reviewable order.")  Finally, BOP is authorized to contract with non-federal institutions to house federal inmates, and to designate inmates to serve their sentences at such institutions.  See 18 U.S.C. § 4013(a)(3); see also, Garces v. Miner, No. 5:11-HC-2180-FL, 2012 WL 3629295, at *3 (E.D.N.C. Aug. 22, 2012) (finding petitioner's attack of his incarceration at Rivers "on the grounds that Congress did not authorize a private corporation to have custody over him" meritless).  For these reasons, the BOP had the authority to designate petitioner to serve his sentence at Rivers, and petitioner has failed to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, petitioner's objection to the change of venue (DE # 5) is OVERRULED.  Additionally, petitioner's action is DISMISSED for failure to state a claim.

SO ORDERED, this the 5th day of November, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge